IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES H. FISHER | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-06-CV-0749-R |
| | § | |
| MARILYN STOWERS, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a diversity action brought by James H. Fisher, an inmate in the California prison system appearing *pro se*, against Marilyn Stowers, Edgar Davis, Barbara Brunt, and other Texas residents. On March 13, 2006, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*.[1] Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of this suit. When plaintiff failed to answer the interrogatories, the magistrate judge recommended that the

---

[1] Plaintiff originally filed this action in the Lufkin Division of the Eastern District of Texas. On March 21, 2006, the case was transferred to the Dallas Division of the Northern District of Texas, the district and division where most of the defendants reside. *Fisher v. Stowers*, No. 9-06-CV-65 (E.D. Tex. Mar. 21, 2006), *citing* 28 U.S.C. § 1404(a).

case be dismissed for want of prosecution. *See* F&R, 7/14/06. That recommendation was vacated after plaintiff belatedly filed interrogatory answers with the district clerk. *See* Order, 7/21/06. The court now determines that this case should be summarily dismissed for lack of standing or, alternatively, for failure to state a claim upon which relief can be granted.

II.

Although the precise nature of his claims are difficult to decipher, plaintiff generally alleges that he and his elderly mother, Eloise Nance, have been defrauded by Marilyn Stowers and other Texas residents. According to plaintiff, Stowers fraudulently induced his mother to: (1) transfer certain real property to a land company run by Barbara Brunt; (2) convey other property to his cousin, Edgar Davis; (3) change the beneficiary of her life insurance policy; and (4) alter the terms of her will. As a result of these actions, plaintiff alleges that he has been deprived of his inheritance and suffered mental anguish and extreme emotional distress. By this suit, plaintiff seeks unspecified money damages and injunctive relief.

III.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(1) is frivolous or malicious;

(2) fails to state a claim upon which relief can be granted; or

(3) seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint fails to state a claim "if it is clear that no relief could be granted under any set of facts that could be proved

consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The court must assume that the facts set forth in the complaint are true. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993). However, dismissal is proper where "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

A.

The court initially observes that plaintiff lacks standing to assert any claims on behalf of his mother. The Supreme Court has recognized that standing is a "core component" of federal jurisdiction. *See FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231, 110 S.Ct. 596, 607-08, 107 L.Ed.2d 603 (1990). In order to establish standing, a plaintiff must demonstrate that: (1) he suffered some threatened or actual injury, (2) fairly traceable to the defendant's conduct, (3) which is likely to be redressed by the relief sought. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992); *Rohm & Haas Texas, Inc. v. Ortiz Brothers Insulation, Inc.*, 32 F.3d 205, 208 (5th Cir. 1994). Stated differently, a party must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties. *Warth v. Seldin*, 422 U.S. 490, 500, 95 S.Ct. 2197, 2206, 45 L.Ed.2d 343 (1975).

Plaintiff accuses the defendants of theft, embezzlement, fraud, forgery, falsification of records, deceit, and obtaining property by criminal means. (*See* Interrog. #1(a)). However, all the property at issue belongs to Eloise Nance, who is not a party to this suit. Plaintiff admits that Nance does not have a court-appointed guardian and is presently of sound mind. (*See* Interrog. #5, 12). Although plaintiff states that his mother has consented to this action, Nance has not signed the complaint or any other document, such as a power of attorney, authorizing plaintiff to proceed in

her name.[2]  Consequently, plaintiff lacks standing to assert any claims on behalf of his mother.

B.

To the extent plaintiff attempts to sue for tortious interference with inheritance rights, he has failed to state a claim upon which relief can be granted.  Under Texas law, which provides the rule of decision in this diversity case:

> One who by fraud, duress, or other tortious means intentionally prevents another from receiving from a third person an inheritance or gift that he would otherwise have received is subject to liability to the other for loss of the inheritance or gift.

*Brandes v. Rice Trust, Inc.*, 966 S.W.2d 144, 145 (Tex. App.--Houston [14th Dist.] 1998, pet. denied), *quoting* Restatement (Second) of Torts § 774B (1977); *see also King v. Acker,* 725 S.W.2d 750, 754 (Tex. App.--Houston [1st Dist.] 1987, no writ).  However, a claim for tortious inference with inheritance rights does not become ripe until the testator dies.  *See, e.g. Swearingin v. Estate of Swearingin*, No. 2-05-132-CV, 2006 WL 1653294 at *1 (Tex App.--Fort Worth, Jun. 15, 2006, no pet.) (tacitly upholding dismissal of fraud claim brought by beneficiary because testator was still alive when suit was filed).  That is because the testator retains the right to alter the terms of his or her will at any time prior to death.  Because Nance is still alive and not mentally incapacitated, plaintiff has no claim for tortious interference with inheritance rights.

Nor can plaintiff recover mental anguish damages under a theory of intentional infliction of emotional distress.  An essential element of such a claim under Texas law is "extreme and

---

[2] In fact, the evidence of record strongly suggests the absence of such consent.  Among the documents submitted to the court is a letter from Lorella Leonard, a family friend, wherein she tells plaintiff:

> Jimmie, I stopped by to see your mother [sic] she said to tell you, please, please don't talk about or discuss the situation between you and Marilyn to Virginia or any of the church members.  She said for you to please just pray to God about it and leave everything up to Him, because God can fix and change people's heart [sic].

*See* Appendix to Interrogatories, Ex. C.  It is apparent from this letter that Nance has not consented to be a party in a public lawsuit and, instead, would prefer that this matter remain private.

outrageous" conduct by the defendant. *See Twyman v. Twyman* 855 S.W.2d 619, 621-22 (Tex. 1993). To qualify as extreme and outrageous, conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* at 621, *quoting* Restatement (Second) of Torts § 46, cmt. d (1965). The crux of plaintiff's claim is that he suffered mental anguish and emotional distress when he learned that defendants induced Nance to transfer her property, change the beneficiary of her life insurance policy, and revise her will. Even if these allegations are true, such conduct does not rise to the level of "extreme and outrageous," particularly since plaintiff has no legal interest to any of the property in question.

## **RECOMMENDATION**

Plaintiff's complaint should be summarily dismissed for lack of standing or, alternatively, for failure to state a claim upon which relief can be granted.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); F<small>ED</small>. R. C<small>IV</small>. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 21, 2006.

											_____
											JEFF KAPLAN
											UNITED STATES MAGISTRATE JUDGE